# IN THE UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF MISSOURI
## WESTERN DIVISION

AUDREY W. CHINNOCK,        )
                                  )
               Plaintiff,        )
                                  )
v.                             )  No. 10-04105-CV-W-FJG
                                  )
SAFECO NATIONAL INSURANCE COMPANY,)
                                  )
               Defendant.    )

# ORDER

Currently pending before the Court is plaintiff's Motion to Remand (Doc. # 5) and plaintiff's Motion to Change Venue (Doc. # 9).

## I.  BACKGROUND

Plaintiff's petition arises out of an car accident which occurred on March 13, 2008, when her vehicle was struck by another driver.  At the time of the accident, plaintiff had a contract of insurance with Safeco.  The policy allowed for uninsured and underinsured motorist protection.   Plaintiff's petition alleges a Underinsured Motorist Coverage Claim as well as a Vexatious Refusal to Pay Claim against Safeco.  At the time of the accident, the driver of the other vehicle did not have sufficient coverage for the damages suffered by plaintiff.  Plaintiff is a resident of Kansas and Safeco is a New Hampshire corporation with its principal place of business in Massachusetts.  Safeco asserts that the Court has diversity jurisdiction and removed the case based on 28 U.S.C. § 1332(a)(1) and (c)(1).  Plaintiff has moved to remand arguing that pursuant to 28 U.S.C. § 1332(c)(1), this is a direct action case and Safeco should be treated as a

citizen of Kansas, which would destroy diversity between the parties.

## II. STANDARD

> It is the defendant's burden to prove that removal is proper and that all prerequisites are satisfied.  See generally, Hatridge v. Aetna Cas. & Sur. Co., 415 F.2d 809, 814 (8th Cir. 1969).  The removal statute is to be narrowly construed, and any doubt about the propriety of removal is resolved in favor of state court jurisdiction. Shamrock Oil & Gas Corp. v. Sheets, 313 U.S. 100, 108-09 (1941);  In re Business Men's Assur. Co. of America, 992 F.2d 181, 183 (8th Cir. 1993).

Williams v. Safeco Insur. Co. of America, 74 F.Supp.2d 925, 928 (W.D.Mo. 1999).

"Since removal to federal court is a statutory right, and not one granted under the

Constitution, removal jurisdiction must be narrowly construed in favor of the non-

removing party."  Jeffrey Lake Development Inc. v. Central Nebraska Public Power &

Irrigation Dist., No. 7:05CV5013, 2005 WL 2563043, *2 (D.Neb. Oct. 11, 2005), citing

Shamrock Oil & Gas Corp. v. Sheets, 313 U.S. 100,107-09 (1941).

A corporation is a citizen of its state of incorporation and also of the state where it

has its principal place of business.  28 U.S.C § 1332(c)(1).

## III. DISCUSSION

Plaintiff argues that her claims for uninsured motorist coverage and vexatious

refusal to pay pursuant to Mo.Rev.Stat. §§ 375.296 and 375.420 are "direct actions"

against her insurer.  Plaintiff states that pursuant to 28 U.S.C. § 1332(c)(1), in direct

action cases, when the insured is not joined as a defendant, the citizenship of the

insured is imputed to the insurance company.  Plaintiff argues that Safeco  should be

treated as a citizen of the State of Kansas, which would destroy diversity jurisdiction,

thus necessitating remand.

28 U.S.C. § 1332(c)(1) states in part:

For the purposes of this section and section 1441 of this title -
(1) a corporation shall be deemed to be a citizen of any State by which it has been incorporated and of the State where it has its principal place of business, **except that in any direct action against the insurer of a policy or contract of liability insurance, whether incorporated or unincorporated, to which action the insured is not joined as a party-defendant, such insurer shall be deemed a citizen of the State of which the insured is a citizen,** as well as of any State by which the insurer has been incorporated and of the State where it has its principal place of business. . . .

(emphasis added).

In support of this argument, plaintiff cites to two cases from other states, Ford Motor Co. v. Insurance. Co. of North America, 669 F.2d 421 (6th Cir. 1982) and Griffin v. Wausau Ins. Co., 189 F.Supp.2d 714 (N.D.Ohio 2002).  In the Ford Motor Company case, Ford sued a third-party insurance company for damage to its property under Michigan's no-fault insurance act.  The Sixth Circuit noted that "[m]ore recent opinions of this court and other courts of appeals have also applied the proviso of § 1332(c) more broadly than the earlier decisions did."  Id. at 424.  The court in Ford found that Michigan's no-fault insurance statute allowed a person claiming injury or damage arising from the ownership or use of a motor vehicle to sue the insurer rather than the owner or operator of the vehicle.  Unless § 1332(c)(1) were held to apply the Court found that "the same 'back door diversity' which Congress eliminated by the 1964 amendment would be possible under no-fault." Id. at 425. Thus, the Court concluded that the insurance company should be deemed to be a citizen of Delaware, the state of incorporation of its insured, the unnamed third-party, and determined there was no

3

diversity jurisdiction.

However, more recent decisions have criticized the Ford decision. In Brown v. Farmers Insurance Co., No. 06-13693, 2007 WL 496669 (E.D.Mich. Feb. 13, 2007), plaintiff filed suit against her own insurer for a fire loss claim. Defendant asserted that the case was a direct action within the meaning of 28 U.S.C. § 1332(c)(1) because it was a suit against an insurer for benefits. Defendant argued there was no diversity because the insurer was deemed to be a citizen of the of the same state as the insured. The Court disagreed stating:

> The Sixth Circuit held that "applying the direct action provision to a dispute solely between an insured and her own insurance company would result in absurdity - federal courts would never hear common insurance disputes because the insured and the insurer, the plaintiff and the defendant, would always be considered citizens of the same state." Lee Lipstreu v. Chubb Group Ins. Cos., 329 F.3d 898, 899-900 (6th Cir.2003). Thus, when a plaintiff sues her own insurance company for benefits, there is no "direct action" and 28 U.S.C. § 1332(c)(1) does not apply. See Herring v. State Farm Mutual Auto. Insur. Co., 2005 U.S.Dist. LEXIS 29648, 2005 WL 3071902, No. 05-73556, (E.D.Mich. Nov. 16, 2005)("The Sixth Circuit clearly rejects applying the 'direct action' provision of § 1332(c)(1) to a 'dispute solely between an insured and [his] own insurance company.'").

Id. at *2. See also Davis v. State Farm Auto. Ins. Co., 382 F.Supp.2d 957, 958 n.2 (E.D.Mich 2005)("It is also noted that the Sixth Circuit's decision in Ford has not been well-received in this and other circuits. . . .Indeed, the Ford decision appears to be somewhat of an aberration in the context of the application of § 1332(c)(1).")

Similarly, plaintiff also relies on Griffin v. Wausau Insur. Companies 189 F.Supp.2d 714 (N.D.Ohio 2002). However, this case is also factually distinct from the instant case, because the plaintiff in Griffin sued the insurance carriers for her employer and her daughter's former employer, she was not suing her own insurer.

4

In cases in which a plaintiff is suing her own insurance company, courts in

Missouri and the Eighth Circuit have found that these suits do not constitute "direct

actions." In <u>Niesman v. Cincinnati Insur. Co.</u>, No. 4:05-CV-1794 CAS, 2006 WL 27213

(E.D.Mo. Jan. 5, 2006), the plaintiff filed suit against his insurance company regarding

an uninsured motorist claim. The Court stated:

> The Eighth Circuit has recognized that § 1332(c)'s primary purpose
> was "to eliminate the use of diversity jurisdiction to gain entry into the
> federal district court of Louisiana to sue in tort under that state's direct
> action statute, which allows an injured party to sue directly the insurer of a
> tortfeasor without joining the tortfeasor himself as a defendant." <u>Home
> Indem. Co. v. Moore</u>, 499 F.2d 1202, 1205 (8th Cir. 1974)(citing S.R. No.
> 1308, as <u>reprinted</u> in 1964 U.S.C.C.A.N. 2778, <u>et seq.</u>). "Courts have
> uniformly defined the term 'direct action' as used in [§ 1332(c)] as those
> cases in which a party suffering injuries or damage for which another is
> legally responsible is entitled to bring suit against the other's liability
> insurer without joining the insured or first obtaining a judgment against
> him." <u>Beckham v. Safeco Ins. Co. of America</u>, 691 F.2d 898, 901-902 (9th
> Cir. 1982). When an insured brings a claim against his own insurer, "no
> direct action [exists] because the insurer's status is not that of a payor of a
> judgment based on the negligence of one of its insureds." <u>McGlinchey v.
> Hartford Acc. & Indem. Co.</u>, 866 F.2d 651 (3d Cir. 1989) "[U]nless the
> cause of action against the insurance company is of such a nature that the
> liability sought to be imposed could be imposed against the insured, the
> action is not a direct action." <u>Fortson v. St. Paul Fire and Marine Ins. Co.</u>,
> 751 F.2d 1157, 1159 (11th Cir. 1985). The Court finds that the reference
> to a "direct action" in § 1332(c) is inapplicable to this case. Plaintiff is
> suing his own insurance company, not the insurance company of a third
> party.

<u>Id</u>. at * 1-2. In <u>Webb v. State Farm Mutual Automobile Insur. Co.</u>, No. 407-CV-0094-

ODS, 2007 WL 1030473 (W.D.Mo. Mar. 29, 2007), plaintiff sued her insurer for

uninsured motorist benefits. But the Court held that:

> such an action does not constitute a "direct action" within the meaning of
> 28 U.S.C. § 1332(c)(1). . . . it is true that "the insured is not joined as a
> party-defendant," but that is because the insured is a party-plaintiff. Here
> the insurer is not standing in the shoes of its insured as a defendant;
> rather the insured is suing the insurer for failure to pay policy benefits.

Thus, the action in this case does not fall within the direct action proviso, and Defendant is not deemed to be a citizen of Missouri.

Id. at *2. See also Brown-Woods v. Safeco Insur. Co. of Illinois, No. 4:10CV615-DJS, 2010 WL 2671494,*2 (E.D.Mo. June 30, 2010)("This case is not a "direct action" under §1332(c)(1) because plaintiffs are suing their own insurer, not the insurer of a third-party tortfeasor. . . . Thus, Safeco is not deemed to be a citizen of Missouri."); Antonacci v. State Farm Mut. Auto. Insur. Co., No. 4:05-CV-2173-CAS, 2006 WL 568344 *1 (E.D.Mo. Mar. 7, 2006)(where plaintiff sues his own insurance company, not the insurance company of a third party, the cause of action is a contract claim, not a direct action claim.); Bucey v. Washington National Life Insur. Co., No. 06-0139-CV-W-ODS, 2006 WL 1495077, *1 (W.D.Mo. May 24, 2006)(same).

## IV. CONCLUSION

In the instant case, because plaintiff is suing her own insurer for underinsured motorist benefits and vexatious refusal to pay, this case is not a "direct action" but is rather a contract action against her insurer. Accordingly, the Court finds that 28 U.S.C. § 1332(c)(1) does not apply and Safeco will not be deemed to be a citizen of the State of Kansas. Because complete diversity remains between the parties, the Court has jurisdiction over this action. Accordingly, the Court hereby **DENIES** plaintiff's Motion to Remand (Doc. # 5).

The Court also **GRANTS** plaintiff's Motion to Transfer Venue from the Central Division to the Western Division (Doc. # 9), as this case was removed from the Circuit Court of Jackson County, Missouri.

Date:   07/15/10          **S/ FERNANDO J. GAITAN**, **JR.**
Kansas City, Missouri         Fernando J. Gaitan, Jr.
                              Chief United States District Judge

6